COMMONWEALTH *vs.* THOMAS H. BRENNAN.

Bristol.    October 22, 1889. — November 11, 1889.

Present: DEVENS, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Town Division — Judicial District — Justice of the Peace.*

If a town, forming with other towns the judicial district of a District Court, is divided by the incorporation of a part thereof as a new town with a new name, such new town, in the absence of anything to the contrary in the act of incorporation, as well as that part of the original town which retains the old name, will continue to belong to the same district.

A justice of the peace, with authority to issue warrants in criminal cases arising anywhere within the district, whose residence falls within the new town, may continue to issue warrants in such cases as arise therein, as well as elsewhere in the district.

COMPLAINT, addressed "To Fred B. Byram, Esquire, justice of the peace in and for the county of Bristol and Commonwealth of Massachusetts, designated and commissioned to issue warrants in criminal cases," and made and sworn to before him on July 28, 1888, charging the defendant with unlawfully selling intoxicating liquors at North Attleborough on July 15, 1888. Mr. Byram thereupon issued a warrant commanding the officers to whom it was addressed to arrest the defendant and bring him before the First District Court of Bristol to answer to the Commonwealth on the above complaint.

In the Superior Court, on appeal, the defendant filed a plea in bar to the jurisdiction, assigning the following reasons:

"1. F. B. Byram, Esquire, who received the complaint and who issued the warrant in this cause, was never designated or commissioned by the Governor and Council as a justice of the peace, resident in the town of North Attleborough, with power to receive complaints and issue warrants in criminal cases upon the petition of the selectmen of North Attleborough, but that prior to the incorporation of the town of North Attleborough, in 1887, the said justice, then a resident of the town of Attleborough, within the present limits of where he now resides, and has ever since, was upon the petition of the selectmen of the town of Attleborough so designated and commissioned, and this designation was and is his sole authority.

"2. The town of North Attleborough is not by any statute establishing said court within the judicial district of the First District Court of Bristol."

To this plea the District Attorney demurred generally.

The Superior Court sustained the demurrer, and the defendant, who was thereupon tried and convicted, appealed to this court.

*J. Brown*, for the defendant.

*H. C. Bliss*, First Assistant Attorney General, for the Commonwealth.

C. ALLEN, J. We cannot doubt that the new town of North Attleborough, within the territory of which Mr. Byram's residence is situated, remains within the judicial district of the First District Court of Bristol County, although, apparently through inadvertence, the act of incorporation (St. 1887, c. 412) does not in terms so provide. The new town was not transferred into any other judicial district; it must therefore remain in the original district, or else it ceases to belong to any. By the Pub. Sts. c. 154, § 1, the whole of Bristol County is divided into three judicial districts; and by § 17 of the same chapter, the jurisdiction of the district courts in respect to the trial of cases excludes the jurisdiction of trial justices. Before the division of the town of Attleborough, there were no trial justices in Bristol County who could try criminal or civil cases. Where a particular town belongs to a territorial system which includes various towns, as, for example, to a county, or to an election district for the choice of senator, councillor, district attorney, representative to Congress or to the General Court, or to a judicial

district, and such town is divided by the incorporation of a portion thereof as a new town, with a new name, there can be no doubt that the portion of the original town which retains the old name continues to belong to the same county, the same election districts, and the same judicial district; and we think it must be assumed that the newly incorporated town does also, unless there is something in the statute to show a contrary intention. There may be a difficulty, indeed, when no practical means exists by which the inhabitants of the new town can participate in the election of any particular officers, as was found to be the case in *Warren* v. *Charlestown*, 2 Gray, 84, 105. But it would be a *reductio ad absurdum* to suppose that they could not vote for Governor and other State officers, and we think they may also vote for the officers of the county or districts to which they have theretofore belonged, and that in like manner they continue to form a part of the same judicial district; and that, accordingly, the sheriff and his deputies, the district attorney, the county commissioners, the county treasurer, the register of deeds, and the Probate, Superior, and Supreme Judicial Courts for the county, as well as the various State officers, continue to sustain their official relations to the new town and its inhabitants.

Now it is probably true, that all those persons who were officers merely of the original town, and who lived in the portion thereof which has been incorporated as the new town, lost their offices by such incorporation. See *People* v. *Morrell*, 21 Wend. 563, where the principle involved is amply discussed, and *State* v. *Hartshorn*, 17 Ohio, 135. Great difficulties would arise from any other view. But we need not enter upon that question. Mr. Byram was not an officer merely of the town. He was an officer for the whole judicial district, and might issue warrants in criminal cases arising anywhere within the district. St. 1884, c. 286. Since, therefore, the new town must be considered as forming a part of that district, he may continue to exercise his official functions, in like manner as other officers for the district, or for the various election districts, or for the county, who may happen to reside in North Attleborough, may continue to exercise theirs.

*Judgment for the Commonwealth.*